# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHRISTOFF WILLIAMS** | * | **CIVIL ACTION NO.** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | **SECTION** |
| **WALMART INC. AND** | * | |
| **ABC INSURANCE COMPANY** | * | **MAGISTRATE** |
| | * | |

\* \* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

Defendant, Walmart Inc., ("Walmart") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1. On August 13, 2020, Christoff Williams, filed this lawsuit against Walmart Inc. in the Civil District Court for the Parish of Orleans, State of Louisiana, bearing Case No. 2020-06830, Division "C", and entitled *Christoff Williams v. Walmart Inc. and ABC Insurance Company"*. (Plaintiff's Petition for Damages, is attached hereto as Exhibit "A").

2. Plaintiff served Walmart with the Petition for Damages on September 9, 2020, through its agent for service of process, CT Corporation Systems. (Citation attached hereto as Exhibit "B").

3. The suit seeks damages from Walmart for personal injuries and damages allegedly sustained by the plaintiff as a result of an incident which occurred at Wal-Mart Store No. 912, located at 6000 Bullard Avenue, New Orleans, Louisiana on August 14, 2019.

4. Plaintiffs' Petition for Damages is silent as to the amount in controversy.

## I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

5. 28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."

### A. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.

6. The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

7. Plaintiff's Petition for Damages does not offer a binding stipulation that the Plaintiff will not seek to enforce any judgment that is more than $75,000.00, as would be required according to *Davis v. State Farm*, No. 06-560, slip op. (US ED La. June 7, 2006).

8. Further, the Plaintiff has not stipulated that the amount in controversy is less than the jurisdictional threshold.

9. Plaintiff demanded FIVE HUNDRED FIFTY THOUSAND DOLLARS ($550,000.00) on August 3, 2020 to settle his claims against Walmart, Inc.

10. Plaintiff alleges he sustained bodily injuries, pain and suffering, mental anguish, loss of enjoyment of life, medical expenses, lost wages, and permanent disability. (*See* Exhibit "A", Plaintiff's Petition for Damages).

11. Plaintiff claims injuries and damages allegedly related to the Walmart incident, specifically, injury to his right shoulder, right wrist, right forearm, right elbow, right knee, and cervical and lumbar spine pain and neurological damage, which caused him to demand FIVE HUNDRED FIFTY THOUSAND DOLLARS ($550,000.00) in compensation, and places the amount in controversy at an amount which exceeds the threshold value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

12. Walmart has satisfied the procedural requirements for removal. This Notice of Removal is being filed within thirty (30) days after service on Walmart of Plaintiff's Petition for Damages.

**B. COMPLETE DIVERSITY EXISTS BETWEEN WALMART AND PLAINTIFF.**

13. Walmart Inc. is a foreign corporation with its principal place of business in Bentonville, Arkansas, that at all times relevant, was authorized to do business in the State of Louisiana.

14. ABC Insurance Company is allegedly a domestic insurance company authorized to do business in the State of Louisiana.

15. Upon information and belief, Plaintiff is a resident of and domiciled in the Parish of Orleans, State of Louisiana.

16. Accordingly, there is complete diversity of citizenship between the Plaintiff and the Defendant.

17. Walmart's Notice of Removal is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, evidenced by information furnished to Walmart by plaintiff, exceeds SEVENTY-FIVE THOUSAND AND NO/100

($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

      **C.**    **THE FORUM DEFENDANT RULE AND SERVICE OF PROCESS ON ABC INSURANCE COMPANY.**

18.    Proper service on a defendant is essential in ordinary proceedings, and without it, all proceedings are null. *See* La. CCP art. 1201. The necessity for a plaintiff's timely request of service is fundamental and warrants strict compliance, just as the essential requirements for filing an action must be strictly followed. *Johnson v. Brown,* 2003-0679 (La. App. 4th Cir. 6/25/03), 851 So.2d 319, 326.

19.    Here, the Plaintiff withheld service for ABC Insurance Company. (*See* Exhibit A).

20.    Louisiana Code of Civil Procedure article 1201(C) provides "[s]ervice of the citation *shall* be requested on all named defendants within ninety (90) days of commencement of the action." (*emphasis* added) *Lucien v. Carter*, 2017-1069 (La. App. 1 Cir. 5/31/18), 251 So.3d 540, 543.

21.    Plaintiff alleges that ABC Insurance Company is Walmart's insurer.

22.    The record demonstrates that Plaintiff effected service of process on Walmart, Inc. but failed to effect service of process on ABC Insurance Company within the time prescribed by La. CCP art. 1201(C). (*See* Exhibit B).

23.    The purpose of the requirement that a plaintiff must effect service of process within ninety (90) days of filing suit is to ensure that the defendant receives notice of the claim within a reasonable time after it has commenced. See *Morgan v. Investment Cars Unlimited, Inc.*, 37,052 (La. App. 2nd Cir. 4/9/03), 843 So.2d 580, 583.

24. District Courts in Louisiana have long recognized that the forum defendant rule does not bar removal if the forum defendant has not been correctly served and joined at the time of removal. *See* 28 U.S.C. §1441(b)(2); *Gorman v. Schiele*, 2016 WL 3583645 (MD La. June 8, 2016)(citing *Stewart v. Aguillard Const. Co.,* 09-6455, 2009 WL 5175217, at *3 (ED La. Dec. 18, 2009)(citing *Lively v. Wild Oats,* 456 F.3d 933, 940 (9th Cir. 2006)).

25. The purpose of the "joined and served" requirement of the forum defendant rule is to prevent a plaintiff from preventing removal by joining a resident defendant against whom it does not intend to proceed, and whom it does not serve. *Stewart*, 2009 WL 5175217 at *3 (citing *Stan Winston Creatures v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 181 (SDNY. 2003)).

26. U.S.C. § 1441(b) expressly provides:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other action shall be removable only if none of the parties in interest **properly joined and served** as defendants is a citizen of the State in which such action is brought.

28 U.S.C. §1441(b) (**emphasis** added).

27. The forum defendant rule prohibits removal pursuant to 28 U.S.C. §1332 in those cases where there is a local defendant.

28. The express language of 28 U.S.C. §1441(b) mandates that the forum defendant must not only be properly joined, but must also have been served at the time the notice of removal is filed in order to bar removal.

## II. WALMART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

29. Defendant files this Notice of Removal within thirty (30) days after receipt by Walmart of Plaintiff's Petition for Damages, which was the first time Defendant could have ascertained that this case is removable under 28 U.S.C. § 1446(b).

30. Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different States.

31. The Civil District Court for the Parish of Orleans, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

32. Walmart has not previously applied for the relief requested herein.

33. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached as Exhibit A.

35. Pursuant to 28 U.S.C. § 1446(d), Walmart will serve a copy of this Notice of Removal upon counsel for Plaintiff, Christoff Williams, and will file a copy of this Notice of Removal with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

36. Attached hereto are the following additional documents which complete the documents contained in the state court record:

    a. Motion for Extension of Time. (Exhibit "C").

37. Defendant, Walmart, Inc. desires and is entitled to **trial by jury** of all issues herein.

**WHEREFORE**, Defendant, Walmart Inc., hereby removes this action from the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

*Dorothy L. Tarver*
**DOROTHY L. TARVER, TA (La. No. 29714)**
**ISIDRO RENÈ DeROJAS (La. No. 18182)**
**McCRANIE, SISTRUNK, ANZELMO,**
　　　**HARDY, McDANIEL & WELCH, LLC**
909 Poydras Street, Suite 1000
New Orleans, LA   70112
Telephone:  (504) 831-0946
Facsimile:   (800) 977-88210
Email: dtarver@mcsalaw.com
Email: iderojas@mcsalaw.com
*Attorneys for Defendant, Walmart, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing *pleading* has been served upon all counsel of record in this proceeding ☐ by e-mail, ☒ by facsimile, ☐ by hand, and/or ☐ by United States mail, properly addressed and postage prepaid, on this 6th day of October 2020.

Sarah N. Chouest
DAMON J. BALDONE & ASSOCIATES, APLC
162 New Orleans Boulevard
Houma, Louisiana 70364
Telephone: (985) 868-3427
Facsimile: (985) 872-2319
*Attorney for Plaintiff, Christoff Williams*

                                    *Dorothy L. Tarver*
                                    **DOROTHY L. TARVER**