UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTOFF WILLIAMS | CIVIL ACTION |
| VERSUS | NO. 20-2722 |
| WALMART, INC. | SECTION "R" (5) |

## ORDER AND REASONS

Before the Court is defendant Walmart, Inc.'s motion for summary judgment.[1] Plaintiff Christoff Williams opposes the motion.[2] Because there is no genuine dispute of material fact as to defendant's liability under Louisiana's merchant slip-and-fall statute, the Court grants defendant's motion.

## I.   BACKGROUND

This case arises from a slip-and-fall that allegedly occurred at Walmart's Supercenter Facility in New Orleans, Louisiana on August 14, 2019.[3] At his deposition, plaintiff testified that he was shopping for school

---

[1]   R. Doc. 16.
[2]   R. Doc. 18.
[3]   R. Doc. 1-1 at 1, ¶¶ 2, 4.

supplies at Walmart when he slipped and fell on a banana.[4]  Plaintiff testified that he did not see the banana before he fell.[5]

On August 13, 2020, Williams filed suit in state court alleging that Walmart's negligence caused the accident and resulting injuries.[6]  On October 6, 2020, defendant removed to federal court, contending that the requirements of diversity jurisdiction under 28 U.S.C. § 1332 are satisfied.[7]  Now, defendant Walmart moves for summary judgment.[8]  The Court considers the motion below.

## II.   LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or

---

[4]   R. Doc. 16-3 at 3, 5 (Williams Deposition at 55:1-25, 61:16-21).
[5]   *Id.* at 5 (Williams Deposition at 61:16-21).
[6]   R. Doc. 1-1 at 2, ¶ 5.
[7]   R. Doc. 1 at 2-4, ¶¶ 5-17.
[8]   R. Doc. 16.

weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's

3

evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322 (emphasis added))).

4

## III. DISCUSSION

Louisiana statutory law governs the "[b]urden of proof in claims against merchants" when a plaintiff alleges that the merchant's negligence caused the plaintiff to be injured in a fall on the merchant's premises. *See* La. Rev. Stat. § 9:2800.6. Under the statute, a plaintiff must prove, among other things, that "[t]he merchant either" (1) "created" or (2) "had actual or constructive notice of the condition which caused the damage, prior to the occurrence." La. Rev. Stat. § 9:2800.6(B)(2); *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 748 (5th Cir. 2017) ("[P]laintiffs must prove *either* creation of the hazard *or* actual or constructive notice thereof." (emphases in original)).

The Fifth Circuit has observed that this "statute 'places a heavy burden of proof on plaintiffs' in slip and fall cases." *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007) (quoting *Jones v. Brookshire Grocery Co.*, 847 So. 2d 43, 48 (La. App. 2 Cir. 2003)). A plaintiff cannot meet this burden through mere speculation. *See Bearb v. Wal-Mart*, 534 F. App'x 264, 265 (2013) (affirming grant of summary judgment where plaintiff "offer[s] only speculation ... [that] Wal-Mart created the condition because it resulted from either a leaking skylight or wet shopping carts...."); *Bagley*, 492 F.3d at 330 ("'Mere speculation or suggestion is not sufficient to [show constructive

5

notice] . . . .' " (quoting *Allen v. Wal-Mart Stores, Inc.*, 850 So.2d 895, 898-99 (La. App. 2 Cir. 2003))). Here, plaintiff does not argue that Walmart either created or had actual notice of the condition. Indeed, at his deposition plaintiff testified that he had "absolutely no[]" idea as to how the banana got on the floor,[9] and that Walmart's employees gave no indication that they actually knew of the condition.[10] Thus, the Court considers whether plaintiff has introduced evidence to show that defendant had constructive notice that the banana was on the floor.

A plaintiff demonstrates constructive notice when "the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. Rev. Stat. § 9:2800.6(C)(1). Importantly, "[t]he statute does not allow for the inference of constructive notice," absent some showing of the existence of the condition prior to plaintiff's fall. *See White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1084 (La. 1997); *see also Leger v. Wal-Mart La., LLC*, 343 F. App'x 953, 954 (5th Cir. 2009) (holding that the plaintiff must make a "positive showing of the existence of the condition" for some time period "prior to the fall"). "'Mere speculation or suggestion' is not sufficient to [show

---

9 R. Doc. 16-3 at 6 (Williams Deposition at 96:21-24).
10 *Id.* at 7-8 (Williams Deposition at 98:25-99:11).

constructive notice].*" Bagley*, 492 F.3d at 330 (quoting *Allen*, 850 So. 2d at 898-99). "[C]ourts will not infer constructive notice . . . where the plaintiff's allegations are 'no more likely than any other potential scenario.'" *Id.* (quoting *Allen*, 850 So. 2d at 898-99).

At his deposition, plaintiff candidly admitted that he "wouldn't know" how long the banana was on the ground.[11] In his response to defendant's motion, plaintiff relies on several surveillance camera videos.[12] But the videos do not show the incident or contain any footage showing a banana on the floor.[13] The relevant aisle's floor is not visible in any of the videos.

---

[11] *Id.* at 7 (Williams Deposition at 98:15-16).
[12] *See* R. Doc. 22 (Notice of Manual Attachment).
[13] The first three videos briefly show various unidentified shoppers in a different aisle than the one at issue in this case. The fourth through seventh videos are each two hours long. The fourth video is labelled "FRONT_END," and shows the front of the store. The fifth video is labelled "BEDDING_AND_KITCHEN." The relevant aisle is in the frame of the fifth video, but the view is entirely blocked by a shelf. The sixth video, labeled "CRAFTS_AND_FRAMES," also includes the relevant aisle, but the entire floor area is blocked by shelving. The seventh video, showing the "FRONT_END_REGISTERS," shows part of the shelves in the aisle, but not the floor. And, at the time plaintiff points to as the moment his accident occurred, the video footage shows the store's front doors, not the aisle. None of the videos show the incident, or the banana on the floor. Plaintiff relies solely on the fifth and sixth videos.

Plaintiff argues that the videos show a group of shoppers leave the pertinent aisle at 8:35:02 p.m., a "witness"[14] enter at 8:36:36 p.m., and plaintiff enter at 8:39:38 p.m., with his accident occurring shortly thereafter.[15] Plaintiff contends that the aisle was empty, besides his "witness," between 8:35:02 and 8:39:38, and that the banana must have therefore been present before 8:35:02. But plaintiff's conclusion is purely speculative. In the camera footage, the view of the aisle's floor is blocked by shelving.[16] Moreover, the video does not preclude the possibility that the "witness" dropped the banana, or that one of the numerous other shoppers who passed by the aisle during the relevant period inadvertently dropped the banana onto the floor. In short, plaintiff's view that the banana was on the floor for at least five minutes is pure speculation, unsupported by evidence.

The Fifth Circuit has instructed that, when "the footage does not show the substance nor the area of the floor on which the substance was spilled," the Court may not draw "the temporal inference" that a plaintiff must show. *Adams v. Dolgencorp, L.L.C.*, 559 F. App'x 383, 386 (5th Cir. 2014). Even in cases where the video footage shows the incident, for example, in *Taylor v.*

---

[14]  Plaintiff states that this witness's name is "Dinel," but that he has been unable to contact her despite several attempts. R. Doc. 18 at 3 n.11 (Response to Motion for Summary Judgment).
[15]  Video 5 (8:35:00-8:40:00), Video 6 (8:35:00-8:40:00).
[16]  Video 5 (8:35:00-8:40:00), Video 6 (8:35:00-8:40:00).

8

*Wal-Mart Stores, Inc.*, 464 F. App'x 337, 339 (5th Cir. 2012), the Fifth Circuit has found the evidence inadequate at summary judgment when "[t]he video merely shows the passage of time and lacks any visual evidence of a . . . substance on the floor."  *Id.*  In *Taylor*, the Fifth Circuit found that the plaintiff failed to meet her burden to show constructive notice because "[t]he video does not show someone or something creating the . . . substance; it does not show others slipping or avoiding the area; it shows no one making a failed attempt to clean or secure the area." *Id.*  The *Taylor* court reasoned that, to assume the substance preexisted the video footage, would ask the court "to draw a series of impermissible inferences unsupported by [the] summary judgment record." *Id.*  Other courts have reached similar results. *See, e.g.*, *Babin v. Winn-Dixie Louisiana, Inc.*, 764 So. 2d 37, 40 (La. 2000) (per curiam) (permitting summary judgment when, absent speculation, the plaintiff was "unable to make a positive showing that the condition did exist for some period of time p[rior] to his fall"); *Dawson v. Brookshire Grocery Co.*, 718 So. 2d 623, 626 (La. App. 2 Cir. 1998) ("[P]laintiff failed to present positive evidence that water or moisture was present on the floor or had remained on the floor for any length of time prior to her fall.").

Plaintiff also argues that Walmart violated its store policy by not checking the aisles frequently enough.[17] Clancy Williams, the store's assistant manager, attests in an affidavit that the store's policy was to inspect aisles every fifteen minutes.[18] Plaintiff contends that, in the videos, no Walmart employee inspects the aisle for hazardous conditions in the hour leading up to the incident.

But even assuming that Walmart's employees failed to follow store policy by inspecting the aisle every fifteen minutes, plaintiff's claim still fails. Plaintiff has not introduced any positive evidence that the banana was on the floor for some period of time. As the Louisiana Fifth Circuit found in *Batiste v. United Fire & Cas. Co.*, 241 So. 3d 491, 501 (La. App. 5 Cir. 2018), "a delay in the performance of [inspection] procedures offers no proof of how long any such condition may have been on the floor, a separate and equally essential requirement of the [plaintiffs'] burden of proof . . . ." Here, neither the video footage nor any other evidence in the record is enough to show that the banana existed on the floor for any specific amount of time. Thus, because "the evidence in the record is insufficient with respect to an essential

---

[17]  R. Doc. 18 at 3-4.
[18]  R. Doc. 18-3 at 2, ¶ 6 (Clancy Williams Affidavit).

element of the nonmoving party's claim," *Celotex*, 477 U.S. at 325, the Court grants defendant's motion for summary judgment.

## IV. CONCLUSION

The Court GRANTS defendant's motion for summary judgment. Plaintiff's complaint is DISMISSED.

New Orleans, Louisiana, this __17th__ day of May, 2021.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE