UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTOFF WILLIAMS                           CIVIL ACTION

VERSUS                                          NO. 20-2722

WALMART, INC.                              SECTION "R" (5)

## ORDER AND REASONS

Before the Court is plaintiff Christoff Williams's motion for new trial.[1]
Defendant Walmart, Inc. ("Walmart") opposes the motion.[2]   For the
following reasons, the Court denies the motion.

## I.    BACKGROUND

This case arises from a slip-and-fall that occurred at Walmart's
Supercenter Facility in New Orleans, Louisiana on August 14, 2019.[3]  At his
deposition, plaintiff testified that he was shopping for school supplies at
Walmart when he slipped and fell on a banana.[4]  Plaintiff testified that he did
not see the banana before he fell.[5]

---

[1]    R. Doc. 28.
[2]    R. Doc. 30.
[3]    R. Doc. 1-1 at 1, ¶¶ 2, 4.
[4]    R. Doc. 16-3 at 3, 5 (Williams Deposition at 55:1-25, 61:16-21).
[5]    *Id.* at 5 (Williams Deposition at 61:16-21).

On August 13, 2020, Williams filed suit in state court alleging that Walmart's negligence caused the accident and resulting injuries.[6]   On October 6, 2020, defendant removed to federal court, contending that the requirements of diversity jurisdiction under 28 U.S.C. § 1332 are satisfied.[7]

On April 20, 2021, Walmart moved for summary judgment.[8]  Plaintiff opposed the motion.[9]  The Court granted Walmart's motion because plaintiff failed to show that Walmart had constructive notice that the banana was on the floor.[10]  Now, plaintiff moves under Federal Rules of Civil Procedure 59 and/or 60 for a new trial, on the grounds that he has uncovered new evidence supporting his allegation that Walmart had constructive notice of the banana.[11]  The Court considers the motion below.

## II.   LEGAL STANDARD

Plaintiff cites both Federal Rules of Civil Procedure 59 and 60 in his motion for a new trial.[12]  Specifically, plaintiff moves for a new trial under Rule 59(a)(1)(B), which states that a court may grant a new trial "after a

---

[6]     R. Doc. 1-1 at 2, ¶ 5.
[7]     R. Doc. 1 ¶¶ 5-17.
[8]     R. Doc. 16.
[9]     R. Doc. 18.
[10]    R. Doc. 26.
[11]    R. Doc. 28.
[12]    R. Doc. 28-1 at 1-2.

nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B).  But in this case, a nonjury trial never occurred, and instead, the Court resolved the case on summary judgment.  The Court thus construes plaintiff's Rule 59(a)(1)(B) motion as a motion to "alter or amend the judgment" under Rule 59(e).  *See Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996) (holding that a motion for reconsideration styled as a motion for a new trial following a summary judgment was properly analyzed as a Rule 59(e) motion to reconsider entry of summary judgment).

Rule 59(e) permits a party to file "a motion to alter or amend a judgment . . . after the entry of the judgment." Fed. R. Civ. P. 59(e).  A district court has "considerable discretion" under Rule 59(e).  *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).  But "reconsideration of a previous order is an extraordinary remedy which should be used sparingly." *Fields v. Pool Offshore, Inc.*, No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Mar. 19, 1998).  The Court must "strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355.  To prevail on a Rule 59(e) motion, a moving party must show at least one of the following: (1) the motion is necessary to correct a manifest error of fact or

law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law. *Fields*, 1998 WL 43217, at *2.

Both Rule 59(e) and Rule 60 allow a party to move for reconsideration of a judgment based on newly discovered evidence. *See Thomas v. Chambers*, No. 18-4373, 2019 WL 485781, at *2 (E.D. La. Feb. 7, 2019) ("Rule 59 and Rule 60(b)(2) share the same standard for granting relief on the basis of newly discovered evidence." (quoting *Compass Tech., Inc. v. Tseng Labs., Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995))). A motion to reconsider based on an alleged discovery of new evidence should be granted only if: "(1) the facts discovered are of such nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 534 (5th Cir. 2015) (quoting *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 677 (5th Cir. 2010)).

4

## III.   DISCUSSION

Plaintiff bases his motion on a single piece of purportedly new evidence: an affidavit from Dynel Perkins, another shopper at Walmart, which states that Ms. Perkins saw the banana on the floor "shortly after entering the store" around 8:00 p.m.[13]  Previously, plaintiff had stated that he did not know how long the banana was on the ground.[14]  It was plaintiff's failure to satisfy this "temporal" requirement that warranted the granting of summary judgment for defendant.[15]   But plaintiff's "newly discovered" evidence does not provide grounds for reconsideration because the facts alleged in the affidavit are not actually "newly discovered" and could have been discovered earlier by proper diligence.  *See Ferraro*, 796 F.3d at 534.

Plaintiff did not obtain Ms. Perkins's affidavit until June 15, 2021,[16] almost a month after the Court granted defendant's motion for summary judgment.[17]   However, plaintiff was aware there was an eyewitness to his accident several months before Walmart moved for summary judgment.   In plaintiff's December 3, 2020 initial disclosure, he stated that "eyewitnesses to the incident who may be identified as the investigation of this matter

---

[13]    R. Doc. 28-4 ¶¶ 3-4.
[14]    R. Doc. 16-3 at 7-8 (Williams Deposition at 98:15-16).
[15]    R. Doc. 26 at 10-11.
[16]    R. Doc. 28-4 at 2.
[17]    R. Doc. 26 (granting summary judgment on May 17, 2021).

continues" were "likely to have discoverable information."[18]   Plaintiff also had video footage showing the witness in the store, provided by defendant in its December 2, 2020 initial disclosure.[19]   Additionally, in his witness list, filed on April 27, 2021, plaintiff included "[t]he eyewitness to the incident identified as 'Dinel.'"[20]

In addition to being aware of the witness, plaintiff also recognized the importance of the witness's testimony to the success of his claim.  Given that plaintiff lacked evidence that Walmart either created or had actual notice of the banana, Louisiana's merchant slip-and-fall statute required that he demonstrate that Walmart had constructive notice of the condition.  La. Rev. Stat. § 9:2800.6(B)(2).  A claimant demonstrates constructive notice when he "prove[s] that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. Rev. Stat. § 9:2800.6(C)(1).  Therefore, as recognized in plaintiff's opposition to summary judgment, to show constructive notice, he had to produce evidence supporting his assertion that the banana was present for a sufficient period of time.[21]   In plaintiff's opposition, he speculated, based on Walmart's

---

[18]   R. Doc. 30-1 at 1.
[19]   R. Doc. 18-2.
[20]   R. Doc. 19 at 1.
[21]   R. Doc. 18 at 3.

6

security footage, that the witness saw the banana on the floor several minutes before plaintiff's fall.[22]   Despite plaintiff's reliance on this witness in opposing summary judgment, plaintiff states in both his opposition and his motion for reconsideration that, "several attempts to make contact with Ms. Perkins to obtain her testimony prior to filing the opposition" were ultimately "unsuccessful."[23]

Given that plaintiff knew there was a witness, knew the witness's name, and had video footage of the witness, the Court finds that the witness's affidavit is evidence that plaintiff could have discovered earlier through proper diligence. *See Knight v. Kellogg Brown & Root Inc.*, 333 Fed. App'x 1, 6 (5th Cir. 2009) (requiring plaintiffs to "adequately explain why they did not obtain" evidence before summary judgment); *see also ICEE Distribs., Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 847-48 (5th Cir. 2006) ("[A]n unexecuted failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for

---

[22]   R. Doc. 18 at 3 ("Assuming that the banana was on the floor at the time the witness entered the aisle, that the witness did not drop a banana, and that the witness did not see anyone drop a banana, the banana would have been on the floor for at least five (5) minutes prior to Plaintiff falling after entering the aisle . . . .").

[23]   R. Doc. 28-1 at 2; R. Doc. 18 at 3 n.10.

reconsideration." (quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004))).

In addition to presenting newly discovered evidence, plaintiff must also show that it is "the type of 'new evidence' that a truly diligent litigant would be powerless to unearth." *See Ferraro*, 796 F.3d at 534.  Discovery in this case closed on April 27, 2021,[24] the same day that plaintiff filed his opposition to Walmart's motion for summary judgment.[25]  During discovery, plaintiff never noticed the witness's deposition or had a subpoena issued for her attendance at a deposition, even though he apparently knew where to contact her.  And despite plaintiff's purported lack of success in making contact with Ms. Perkins, plaintiff never asked the Court to continue the discovery deadline, nor did plaintiff ask the Court to deny or defer defendant's motion for summary judgment until additional discovery could be completed.  *See* Fed. R. Civ. P. 56(d) (providing that the Court may defer ruling on summary judgment pending necessary discovery); *see also Barber v. Spinal Elements*, No. 18-6914, 2019 WL 5810304, at *3 (E.D. La. Nov. 7, 2019) (stating that a plaintiff's argument about his inability to depose a witness before summary judgment "could, and should, have been made

---

[24]   *Id.* at 2.
[25]   R. Doc. 18.

before the judgment [was] issued," especially given that Rule 56(d) "offer[s] a clear mechanism for just such a response" (quoting *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019))). Plaintiff simply offers the conclusory and unsupported assertion that he made efforts to contact Ms. Perkins that were unsuccessful.[26]

Because plaintiff did not "take the proper steps to [e]nsure consideration of this" affidavit, the Court will not "slip it into the record through the motion for reconsideration." *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 474 (5th Cir. 1989) (denying a plaintiff's motion for reconsideration because although the plaintiff did not have the deposition at the time of summary judgment, she did not file a motion for continuance, or ask "the court for permission to supplement her motion in opposition to summary judgment when the deposition became available"). Given plaintiff's failure to demonstrate due diligence in pursuing available evidence, the source of which was known or ascertainable for months, the Court denies his motion for reconsideration.

---

[26]   R. Doc. 28-1 at 2.

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion for reconsideration.

New Orleans, Louisiana, this __21st__ day of September, 2021.

*Sarah Vance*
_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE